UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY LENTZ,

    Plaintiff,

                            CIVIL ACTION NO. 12-12037

    v.                            DISTRICT JUDGE DAVID M. LAWSON

                            MAGISTRATE JUDGE MARK A. RANDON

ROBERT LOXTON, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTIONS FOR PRELIMINARY INJUNCTION (DKT. 13 & 44) AND TO DENY
PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL COMPLAINT (DKT. 39)**

This matter is before the Court on Plaintiff Gary Lentz's ("Plaintiff") motions for a preliminary injunction (Dkt. 13 & 44) and on Plaintiff's motion for leave to amend (Dkt. 39). Plaintiff, an inmate currently housed at the Marquette Branch Prison, filed suit under 42 U.S.C. § 1983, claiming violations of his rights under the United States Constitution, which allegedly occurred while he was housed at the Macomb Correctional Facility.

On June 22, 2012 and on October 9, 2012, Plaintiff filed motions for a preliminary injunction against Marquette prison officials, concerning the handling of his legal mail and his ability to promptly receive photocopies of exhibits. Defendants filed a response (Dkt. 35) to Plaintiff's first motion for a preliminary injunction and Plaintiff filed a "motion to strike" (Dkt. 42) Defendants' response brief. For the reasons set forth below, it is **RECOMMENDED** that Plaintiff's motions for preliminary injunctions (Dkts. 13 & 44) be **DENIED**. Furthermore, Plaintiff's motion to file a supplemental complaint (Dkt. 39) should be **DENIED**; Plaintiff's

"motion for response to petitions" (Dkt. 24) and "motion to strike" (Dkt. 42) Defendants' response should be **DENIED AS MOOT**.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed this lawsuit on May 7, 2012 (Dkt.1), naming several prison officials at the Macomb Correctional Facility as Defendants.  On June 18, 2012, Plaintiff filed an Amended Complaint (Dkt. 11):  Plaintiff's Amended Complaint alleges that, on October 6, 2011, the "extraction team" at the Macomb Correctional Facility unlawfully assaulted Plaintiff and then failed to provide him with adequate medical treatment.

On June 22, 2012, Plaintiff filed a motion for a preliminary injunction (Dkt. 13), claiming that officials at the Marquette Branch Prison (where Plaintiff is currently housed) were refusing to send out Plaintiff's "expedited legal mail."  Plaintiff's motion also states that "ARUS Pettu" threatened to put Plaintiff into "the hole" (i.e., administrative segregation), as retaliation for the volume of legal work Plaintiff was producing.  Plaintiff followed up on his initial motion for preliminary injunction by filing several letters and affidavits (Dkts. 14, 16, 17, 18, 19, 20, 22) and a "motion for response to petitions in affidavits" (Dkt. 24), which further allege that officials at the Marquette Branch Prison are not processing Plaintiff's requests for photocopies of legal materials.  On October 9, 2012, Plaintiff filed a second motion for a preliminary injunction (Dkt. 44), claiming that Marquette Branch Prison officials were starving prisoners by not giving them their food trays, chaining prisoners to beds, denying prisoners grievance forms, failing to send out legal mail, writing "falsified misconducts" and putting prisoners on "food loaf."

After several of the Macomb Correctional Facility Defendants had been served, the Court directed the Michigan Attorney General to file a response to Plaintiff's motion for a preliminary

injunction (Dkt. 25). Defendants filed a timely response (Dkt. 35), in which they argue that Plaintiff's request for a preliminary injunction should be denied, because Plaintiff was seeking injunctive relief against individuals who were not parties to the litigation (i.e., Marquette Branch Prison officials). Plaintiff then replied with a motion for leave to file a supplemental complaint (Dkt. 39), in which Plaintiff attempts to name several Marquette Branch Prison officials as new Defendants.

## II. ANALYSIS

### A. *Plaintiff's Motions For Preliminary Injunctions Should Be Denied*

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

1.   Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2.   Whether the movant has shown irreparable injury.

3.   Whether the preliminary injunction could harm third parties.

4.   Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also, Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985). Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n. 3 (6th Cir. 1984); *see also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).

As noted above, Plaintiff alleges that prison officials at the Marquette Branch Prison

(who are not Defendants in this case) have interfered with his outgoing legal mail and delayed in providing him with photocopies of exhibits he wished to submit to the Court. Defendants' argument that Plaintiff is not entitled to injunctive relief against individuals who are not parties to this case is well-taken.  Plaintiff's original complaint allegations relate to his confinement at the Macomb Correctional Facility, which allegedly occurred before he was transferred to the Marquette Branch Prison.  Simply put, because no Marquette Branch Prison employee is a Defendant in this lawsuit, the Court lacks jurisdiction to issue an injunction against those employees.  *See Herrerra v. Michigan Dept. of Corrections,* Case No. 10-11215, 2011 WL 3862640 *3 (E.D. Mich. July 22, 2011); Fed. R. Civ. P. 65(d)(2) (injunction is binding only on parties, their agents, and persons acting in concert with parties).

      Additionally, a review of the materials of record fails to establish that Plaintiff will suffer irreparable harm absent injunctive relief.  In particular, the docket in this matter belies Plaintiff's contention that he is somehow unable to send motions, letters, affidavits and exhibits to the Court.  Plaintiff has filed numerous pleadings, and has submitted hundreds of pages of exhibits as attachments to his various filings.

      As to Plaintiff's second motion for a preliminary injunction (Dkt. 44), his claims are extremely vague and conclusory.  Plaintiff alleges that Marquette Branch Prison guards are starving prisoners by not giving them their food trays, chaining prisoners to beds, denying prisoners grievance forms, failing to send out legal mail, writing falsified misconducts and putting prisoners on "food loaf."  However, Plaintiff does not claim that any of these things actually occurred to him (as opposed to "prisoners," generally) and does not state when these actions allegedly occurred.  The only exhibit attached to Plaintiff's second motion for

preliminary injunction is a copy of the MDOC's Policy Directive. In any event, the claims made in Plaintiff's second motion for preliminary injunction are simply too vague and conclusory to warrant the issuance of a preliminary injunction. Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, it is **RECOMMENDED** that Plaintiff's motions for a preliminary injunction (Dkts. 13 & 44) be **DENIED**.[1]

### B. *Plaintiff Should Not Be Granted Leave To Amend*

In an effort to cure the fact that Plaintiff did not name any Marquette Branch Prison officials as Defendants in this matter, Plaintiff filed a motion for leave to file a supplemental complaint (Dkt. 39). Plaintiff's proposed amended complaint (Dkt. 38) names several Marquette Branch Prison officials. Plaintiff's request to bring Marquette Branch Prison officials into this lawsuit should be denied.

The case of *Proctor v. Applegate*, 661 F.Supp.2d 743 (E.D. Mich. 2009) is instructive and its reasoning is directly applicable here. As recognized in *Proctor*, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661, F.Supp.2d at 778, quoting *Garcia v. Munoz*, 2008 WL 2064476, *3 (D.N.J.2008); see also *Nali v. Michigan Dep't of Corrections*, 2007 WL 4465247 (E.D.Mich.2007), citing, *Crutcher v. Commonwealth of Kentucky*, 1992 WL 98020, *3 (6th Cir.1992) (For a plaintiff's claims against multiple defendants to be properly joined, they must satisfy both requirements set forth in Rule 20(a): (1) there must be a right to

---

[1] As to Plaintiff's specific contention that he is having trouble sending legal mail and receiving photocopies, if, going forward, Plaintiff experiences any difficulty in submitting motions, briefs or exhibits to the Court, he should promptly bring it to the Court's attention.

relief arising out of the same transaction or occurrence, and (2) there must be a question of law or fact common to all defendants.). Courts may consider many different factors when considering whether civil rights claims arise from the same transaction or occurrence, including, "the time period during which the alleged acts occurred; whether the acts ... are related; whether more than one act ... is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Nali*, at *3, citing, *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323-325 (S.D. Ohio 2002).

As the Seventh Circuit recently explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) ...
>
> A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007); *see also, Garcia*, at *3; *Bolling v. Hayman*, 2008 WL 3843515, *2 (D.N.J.2008).

In this case, Plaintiff's initial complaint concerned his treatment while housed at the Macomb Correctional Facility. Plaintiff's proposed amended complaint (Dkt. 38) attempts to shoehorn new claims against Marquette Branch Prison officials into his original complaint. Such

a request would improperly assert unrelated claims against Defendants located at different prisons.  Plaintiff should not be permitted to join all of his claims against the MDOC in a single suit.  Plaintiff cannot bring all claims, regardless of type, against all Defendants who are spread out at various institutions.  Simply put, Plaintiff's proposed "supplemental complaint" is an improper "buckshot" complaint.

Thus, Plaintiff's motion for leave to file a supplemental complaint (Dkt. 39) should be **DENIED**.  If Plaintiff wishes to sue Marquette Branch Prison officials, he should file a new lawsuit against them in the Western District of Michigan.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's motions for preliminary injunctions (Dkts. 13 & 44) be **DENIED**.  Furthermore, Plaintiff's motion to file a supplemental complaint (Dkt. 39) should be **DENIED**, Plaintiff's "motion for response to petitions" (Dkt. 24) and "motion to strike" (Dkt. 42) Defendants' response should be **DENIED AS MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of Health & Human Servs.*,

931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

<pre>
                                        s/Mark A. Randon
                                        Mark A. Randon
                                        United States Magistrate Judge
</pre>

Dated: October 26, 2012

## Certificate of Service

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 26, 2012, by electronic and/or ordinary mail.*

<pre>
                                        s/Melody Miles
                                        Case Manager
</pre>