UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY LENTZ,

        Plaintiff,

v.

        Case Number 12-12037
        Honorable David M. Lawson
        Magistrate Judge Mark A. Randon

JOHN LOXTON, F/N/U GREGORY, F/N/U
WEBERG, F/N/U ODEN, F/N/U COSBY,
F/N/U BIVENS, F/N/U KUPKE, BETTINA
J. WELLS, F/N/U JACKSON, DARRELL
STEWARD, KENNETH ROMANOWSKI, and
DANIEL H. HEYNS,

        Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTIONS
FOR PRELIMINARY INJUNCTION AND MOTION FOR RESPONSE TO
PETITIONS, AND AFFIRMING ORDERS DENYING MOTIONS
TO FILE SUPPLEMENTAL COMPLAINT AND TO STRIKE**

Plaintiff Gary Lentz, a Michigan prisoner, filed a civil rights complaint seeking damages for treatment he received while in custody at the Michigan Department of Corrections's Macomb Correctional Facility. The Court referred the case to Magistrate Judge Mark A. Randon to conduct all pretrial matters. The case is now before the Court on Judge Randon's October 26, 2012 report and recommendation on five motions by the plaintiff: a motion for a preliminary injunction [dkt. #13], a motion for a response to petitions [dkt. #24], a motion for permission to serve an amended complaint [dkt. #39], a motion to strike the defendants' response [dkt. #42], and a second motion for a preliminary injunction [dkt. #44]. The magistrate judge recommended that the Court deny all of the motions. The plaintiff filed objections to the report and recommendation on November 14, 2012. On December 20, 2012, the magistrate judge denied without prejudice the motion for permission to serve an amended complaint and denied the motion to strike.

The procedural history of the case was set out by the magistrate judge and need not be repeated here. The plaintiff alleges in this complaint that prison guards at Macomb Correctional Facility unlawfully assaulted him and then refused to provide medical treatment. The plaintiff subsequently was transferred to another MDOC facility in Marquette, Michigan. His requests for injunctive relief are directed against prison officials at that facility. The same is true as to his motion for leave to file a supplemental complaint.

The magistrate judge recommends that the Court deny the plaintiff's two motions for a preliminary injunction, motion for a response to petitions, motion to serve a supplemental complaint, and motion to strike. The plaintiff filed objections to the report and recommendation on November 14, 2012. In those objections, the plaintiff states that his motions to serve a supplemental complaint and to strike should be granted. On December 20, 2012, the magistrate judge denied the motion to strike, finding that the defendant's response was properly filed. The magistrate judge also denied without prejudice the plaintiff's motion to serve a supplemental complaint pending resolution of the defendant's motion for summary judgment, filed on December 3, 2012. The plaintiff has not filed objections to the magistrate judge's December 20, 2012 orders.

A. First and second motions for preliminary injunction

The plaintiff takes issue with some of the facts as stated by the magistrate judge. The plaintiff states that he never alleged that his mail was interfered with continuously; he alleged that this interference was inconsistent. The plaintiff states that his allegation is that defendant Perttu threatened to "bury" the plaintiff in "the hole," not "put" the plaintiff in "the hole" as the magistrate described. Pl.'s Objs. at 2. The plaintiff points out that he was already in the hole when this threat was made.

The plaintiff objects that his amended complaint named Daniel H. Heyns and his agents as defendants. Heyns is the director of the Michigan Department of Corrections. The plaintiff argues that because he named Heyns as a defendant, the Court may enter a preliminary injunction against any employee of MDOC because those employees are agents of the Director. The plaintiff alleges that defendant Heyns is acting in concert with the individuals against whom the plaintiff seeks a preliminary injunction.

The plaintiff states that he was transferred to Ionia Correctional Facility on October 30, 2012, where he is being harassed and retaliated against. The plaintiff states that he has had difficulty in getting photocopies of his objections.

The plaintiff object to the magistrate judge's characterization of docket number forty-four as a second motion for a preliminary injunction. Instead, the plaintiff asserts that that filing is a declaration in support of the motion for a preliminary injunction.

The grant of a preliminary injunction is an extraordinary remedy. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The Court must consider four factors when determining whether to issue a preliminary injunction: (1) the likelihood of the party's success on the merits; (2) whether the injunction will save the party from irreparable injury; (3) the probability that granting the injunction will substantially harm others; and (4) whether the public interest will be served by the injunction. *Summit Cnty. Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 550-51 (6th Cir. 2004); *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998); *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997); *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985).

"[T]he four factors are not prerequisites to be met, but rather must be balanced as part of a decision to grant or deny injunctive relief." *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). The Court need not make specific findings regarding each of the four factors if fewer factors are dispositive of the issue. *See Six Clinics Holding Corp.*, 119 F.3d at 399. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The plaintiff has the burden of proof, and that burden is the same irrespective of whether the relief sought is mandatory or prohibitive. *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998).

The plaintiff's request for a preliminary injunction seeks to enjoin the MDOC and the Marquette Branch Prison. It also names an officer who apparently works at the Branch Prison. The Court will overrule the plaintiff's objections and adopt the magistrate judge's recommendation to deny the injunction against employees at Branch Prison. At present, the plaintiff resides at the Ionia Correctional Facility. Enjoining employees at the Marquette facility would provide the plaintiff with no relief. Further, "[i]t is well established that '[a] prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility.'" *Herrerra v. Michigan Dept. of Corrections*, No. 10-11215, 2011 WL 3862640, at *3 (E.D. Mich. July 22, 2011) (quoting *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002)); *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding a prisoner's request for injunctive relief moot because the prisoner was "no longer confined to the institution" where the challenged actions occurred).

The plaintiff advances three objections to the magistrate judge's resolution of his preliminary injunction motion or motions. First, the plaintiff points to two alleged factual inaccuracies in the report and recommendation. However, those inaccuracies do not affect the analysis of the plaintiff's motion. Whether the plaintiff was threatened with being "buried" or "put" into administrative segregation is immaterial; that fact played no part in the magistrate judge's analysis and it is immaterial to the Court's *de novo* review. The plaintiff also objects that he did not state that prison officials were refusing to send all of his legal mail; instead, the plaintiff asserted that prison officials were refusing to send his legal mail "on an inconsistent basis." Pl.'s Obj. at 1. Although the plaintiff alleges that various correctional officers have interfered with his ability to send mail to the Court, the volume of documents the plaintiff has filed demonstrates that he has been able to send his legal documents through the mail. It does not appear that the plaintiff has been impeded in his ability to prosecute this action, and the plaintiff has failed to show that granting the injunction would prevent irreparable injury to the plaintiff. The first objection is overruled.

Second, the plaintiff objects that docket number 44, which the magistrate judge construed as a second motion for a preliminary injunction, is not a motion but rather a declaration in support of his original motion. Whether the plaintiff intended to file one motion for a preliminary injunction or two does not affect the merits of the plaintiff's request for a preliminary injunction. The plaintiff has not objected to the magistrate judge's ruling that the second motion for preliminary injunction, if one exists, should be denied. Those aspects of the plaintiff's objection are overruled.

Third, the plaintiff objects to the magistrate judge's recommendation that the preliminary injunction motion be denied because the plaintiff seeks an injunction against individuals who are not defendants in this lawsuit. The plaintiff's complaint names employees of the Macomb County

Jail as defendants, along with Daniel H. Heyns, Director of the MDOC, in both his individual and official capacities. The plaintiff's motion seeks to enjoin the MDOC. The plaintiff argues that because he has named the MDOC director as a defendant in his complaint, the Court may enter an injunction against all MDOC employees in their capacity as defendant Heyns's agents.

The plaintiff's objection is not entirely frivolous. "Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. at 166. The Court could issue an order enjoining defendant Heyns and his "officers, agents, servants, employees, and attorneys" from retaliating against the plaintiff and from interfering with the plaintiff's legal mail, Federal Rule of Civil Procedure 65(d)(2)(B), since the plaintiff seeks to enjoin the MDOC and has named as a defendant in this action its director in his official capacity.

Nevertheless, the Court believes the plaintiff's motion for a preliminary injunction must be denied, albeit for reasons different that those relied upon by the magistrate judge. First, the plaintiff has failed to show a likelihood of success on the merits of his underlying complaint, either in his initial motion for a preliminary injunction or in any of the plaintiff's subsequent supporting filings. In support of his motion, the plaintiff has presented only his own affidavits. The preliminary injunction motion appears to address issues that arose after the events that form the basis of the original complaint. Because the bases upon which the plaintiff seeks a preliminary injunction are unrelated to the claims raised in the complaint, the plaintiff cannot demonstrate a likelihood of success on the merits. *See Herrera*, 2011 WL 3862640, at *4. Second, the plaintiff has not

demonstrated that granting the injunction will save the plaintiff from irreparable injury. The plaintiff seeks to enjoin MDOC officials from interfering with his legal mail; however, as discussed above, the plaintiff has been able to file numerous pleadings and documents with this Court. It does not appear that the plaintiff has been prejudiced in his prosecution of this action by any alleged interference with his legal mail. Third, the Sixth Circuit and the Supreme Court have recognized that the courts should, as a general matter, exercise restraint before intruding into the operation of state penal institutions. *Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir. 1984) (quoting *Bell v. Wolfish*, 441 U.S. 520, 548 (1979). The public interest does not favor intervention in prison administration. *See Lowe v. Vadlamudi*, No. 08-10269, 2009 WL 736798, at *12 (E.D. Mich. Mar. 16, 2009). Fourth, although "no substantial harm [to the defendants] can be shown in the enjoinment of an unconstitutional policy," *Chabad of Southern Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 436 (6th Cir. 2004), this factor is insufficient to outweigh the other three factors to be considered in deciding a motion for a preliminary injunction. The Court will deny the plaintiff's motion or motions for a preliminary injunction.

### B. Motion to serve supplemental complaint

The magistrate judge recommends that the Court deny the plaintiff's motion for leave to file a supplemental complaint because the supplemental complaint asserts unrelated claims against defendants working at different prisons. The magistrate judge denied this motion without prejudice on December 20, 2012. The plaintiff argues in his objection to the report and recommendation that he should be permitted to file his supplemental complaint, in which the plaintiff names eight additional defendants, all employees at the Marquette Branch Prison, because the allegations in the

new complaint arise from the same transactions and occurrences as in the original complaint and there are questions of law and fact common to all defendants.

Federal Rule of Civil Procedure 20(a) allows individuals to be joined "in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Whether "a particular factual situation constitutes a single transaction or occurrence" is a case-specific inquiry. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (citing 7 C. Wright Federal Practice and Procedure § 1653 at 270 (1972)). Although "[n]o hard and fast rules have been established under the rule . . . construction of the terms 'transaction or occurrence' as used in the context of Rule 13(a) counterclaims offers some guide to the application of this test." *Ibid*. The Supreme Court explained that, in the context of Rule 13, "'transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926). Drawing on the Supreme Court's guidance, the Eighth Circuit held that "Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Mosley*, 497 F.2d at 1333. Courts in this district have considered the following factors in determining whether claims arise from the same transaction or occurrence: "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether same supervisors were involved, and whether the defendants were at different geographical locations."

*Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (quoting *Nali v. Michigan Dep't of Corrections*, No. 07-10831, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

The plaintiff alleges that the new defendants have violated his constitutional rights in various ways by retaliating against him for filing this lawsuit and other grievances in the prison system. The plaintiff's proposed supplemental complaint involves only allegations of conduct that have occurred since the filing of the original complaint in this case. The events in the original complaint occurred at the Macomb Correctional Facility; the events referenced in the supplemental complaint occurred at the Marquette Branch Prison. Although there may be some common questions of law, as both the original and supplemental complaint are civil rights actions under 42 U.S.C. § 1983 involving allegations of violations of the First, Eighth, and Fourteenth Amendments, the factual issues involved in the various claims will be entirely distinct. Other courts in this district have found that similar claims do not arise from the same transaction or occurrence. *See Nali*, 2007 WL 4465247, at *3 (finding that defendants were not properly joined because events occurred at three separate facilities and took place at different times and defendants allegedly violated the plaintiff's rights in different ways); *Parker v. Donnellon*, No. 11-12981, 2011 WL 3163524, at *2 (E.D. Mich. July 27, 2011); *see also Friske v. Scutt*, No. 07-13747, 2008 WL 4857963, at *1 (E.D. Mich. Nov. 6, 2008) (declining to permit plaintiff to amend complaint to add claims arising from grievances initiated after the lawsuit was filed).

Although the plaintiff's motion probably should be denied , the magistrate judge has denied the plaintiff's motion to supplement the complaint without prejudice pending the resolution of the defendants' motion for summary judgment. The Court sees no reason to disturb the magistrate judge's ruling on this motion.

### C. Motion for response to petitions and motion to strike

The plaintiff does not address the magistrate judge's recommendation to deny these motions, except to say that the "[p]laintiff's Motion for Response to Petitions should be granted. Plaintiff's Motion to Strike Defendants [sic] Response should be granted." Pl.'s Obj. at 4. "[O]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). The Court will overrule the plaintiff's objections and adopt the report and recommendation for that reason.

Moreover, the plaintiff's motions lack merit. The plaintiff's motion for a response to petitions contains affidavits apparently in support of the plaintiff's motion for a preliminary injunction and requests that the Court inform him of how to proceed in prosecuting his suit, given his allegations of retaliatory interference with his legal mail. The plaintiff's motion does not set forth a request for relief that the Court may grant. The plaintiff's motion to strike the defendant's response to the preliminary injunction motion is based on his disagreement with the legal arguments advanced in the response. That is not a proper basis upon which to strike a response to a motion.

\* \* \* \* \* \* \* \* \*

The Court, after giving fresh review to the plaintiff's motions, finds that the magistrate judge reached the correct result.

Accordingly, it is **ORDERED** that the plaintiff's objections [dkt. #53] are **OVERRULED**, and the magistrate judge's recommendations [dkt. #48] are **ADOPTED.**

It is further **ORDERED** that the plaintiff's motions for preliminary injunction [dkt. # 13, 44] and motion for response to petitions [dkt. # 24] are **DENIED**.

It is further **ORDERED** that the magistrate judge's orders [dkt. # 60, 61] denying the plaintiff's motions to strike [dkt. #42] and to file a supplemental complaint [dkt. #39] are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 6, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 6, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---