UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY LENTZ,

        Plaintiff,

v.

        Case Number 12-12037
        Honorable David M. Lawson

JOHN LOXTON, F/N/U GREGORY, F/N/U
WEBERG, F/N/U ODEN, F/N/U COSBY,
F/N/U BIVENS, F/N/U KUPKE, BETTINA
J. WELLS, F/N/U JACKSON, DARRELL
STEWARD, KENNETH ROMANOWSKI,
DANIEL H. HEYNS, ROBERT NAPEL,
F/N/U NADEAU, F/N/U MCMAHEN, F/N/U
BUSH, THOMAS PERTLE, F/N/U TALIO,
and JAMES ALEXANDER,

        Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS, AND DENYING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

        The plaintiff filed his complaint on May 7, 2012. The Court entered an order directing the United States Marshal to serve copies of the summons and complaint on the defendants on June 1, 2012. The Court observed, however, that the plaintiff had not provided addresses for many of the defendants. The Court instructed the plaintiff to use the address of the Macomb Correctional Facility, where the events giving rise to the plaintiff's complaint allegedly took place and where, according to the plaintiff's complaint, the defendants were employed.

        The United States Marshal first attempted to serve defendants Bivens and Kupke by mail to the Macomb Correctional Facility on July 6, 2012. The waivers of service as to those two defendants were returned unexecuted for the stated reason that the defendants did not work at Macomb Correctional Facility. Therefore, on August 10, 2012, Magistrate Judge Mark A. Randon

ordered the Michigan Department of Corrections to furnish the last known addresses of those defendants to the United States Marshals Service.

The United States Marshal attempted to serve defendants Bivens and Kupke at new addresses on October 3, 2012. On October 18, 2012, the United States Marshal again attempted to send the complaint to defendant Bivens, for the stated reason that personnel at the institution to which service had been sent earlier were "confused on who was to be served." The waiver of service for defendant Bivens was returned unexecuted on November 2, 2012, apparently because although the facility had an officer Bivens working there, they did not have a "John" Bivens working there. In response, on December 20, 2012 the magistrate judge ordered the United States Marshal to serve the officer Bivens that was working at that facility. On April 12, 2013, the United States Marshal attempted service for a third time on defendant Bivens at a new address. The waiver of service was returned unexecuted on April 22, 2013 because the defendant did not work at the new address. On the same day, the United States Marshal requested an order directing service on defendant Bivens pursuant to administrative order 09-AO-043. The waiver of service as to defendant Kupke was returned unexecuted on May 6, 2013.

On April 10, 2013, the defendant filed a motion for default judgment as to defendants Bivens and Kupke. The magistrate judge filed a report on May 7, 2013 recommending that the Court deny the plaintiff's motion because defendants Bivens and Kupke had not been served and because the plaintiff had not obtained a clerk's entry of default as required by Federal Rule of Civil Procedure 55(a). The plaintiff filed objections to the magistrate judge's report and recommendation on May 20, 2013. In this objections, the plaintiff argues that the report and recommendation demonstrates the magistrate judge's bias against the plaintiff, that the magistrate judge failed to consider Federal

Rule of Civil Procedure 55(b), and that the magistrate judge improperly stayed discovery, preventing the plaintiff from discovering the addresses of defendants Bivens and Kupke.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The plaintiff's motion for a default judgment must be denied for three reasons. First, a default judgment is not available based on a defendant's failure to respond to the complaint where, as here, the plaintiff is a prisoner seeking relief under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act (PLRA), "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law" and "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). The Supreme Court has made it clear that "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to

do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 213-14 (2007). The Court has not ordered those defendants to reply. Therefore, under the plain language of the PLRA, the Court cannot grant a default judgment against the defendants.

Second, even if default judgment were available to the plaintiff, he has not followed the proper procedure under the Federal Rules of Civil Procedure for obtaining one. In order to obtain a default judgment against a party who has received service but failed to appear and plead in a case, the plaintiff must first seek an entry of default from the Clerk of the Court under Rule 55(a). *See* 10A Charles A. Wright, Arthur Miller, & Mary Kay Kane, Federal Practice & Procedure § 2682 ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). The plaintiff must show "by affidavit or otherwise" that the party against whom he seeks a default "has failed to plead or otherwise defend" in the case. Fed. R. Civ. P. 55(a). The Local Rules for this Court require that a request for a clerk's entry of default must include a supporting affidavit, "a statement identifying the specific defendant who is in default[,] . . . [a] statement attesting to the date the summons and complaint were served upon the defendant who is in default[, and a] statement indicating the manner of service and the location where the defendant was served." E.D. Mich. LR 55.1. This procedural step allows the Court to ensure that it has personal jurisdiction over the defendant through proper service on the defendant and that there is sufficient evidence in the record, in the form of affidavits, to support a finding that the defendant has failed to appear and defend the suit. *See* 10A Charles A. Wright, Arthur Miller, & Mary Kay Kane, Federal Practice & Procedure § 2682. Obtaining the Clerk's entry of default is "merely a formal matter and does not constitute the entry of judgment." *Ibid*. It is not,

as the plaintiff appears to argue, an alternative procedure for obtaining a default judgment. The plaintiff's failure to obtain a clerk's entry of default would have precluded him from obtaining a default judgment even were he not barred by the PLRA.

Finally, even if default judgment were available to the plaintiff, the plaintiff is not entitled to a default judgment here because the defendants have not been served with the summons and complaint. "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Therefore, a court may not enter a default judgment against a defendant who has not been served properly. *Ibid.* As discussed above, the record does not reflect that defendants Bivens and Kupke either were served properly or executed a waiver of service. The plaintiff protests that because the magistrate judge closed discovery, he has been unable to ascertain the addresses of Bivens and Kupke. The plaintiff's inability to discover the defendants' addresses does not release him from the requirement that the defendants be served properly prior to entry of a default judgment.

That said, the plaintiff's consternation at the difficulty in serving Bivens and Kupke is not unjustified. Although it is not entirely clear from the docket, it appears that there has been some reluctance on the part of the Michigan Department of Corrections to cooperate with the United States Marshal's efforts to effect service, at least with respect to defendant Bivens. An attorney from the office of the Michigan Attorney General has appeared on behalf of a number of the defendants in this case. The magistrate judge has the authority to order the assistant attorney general to produce to the Court the address of the unserved defendants so that the Marshal can do his job and serve the suit papers. In the event that the Attorney General does not cooperate with the United

States Marshal's attempts to serve unserved defendants in this case, the magistrate judge should consider ordering substituted service.

Finally, the plaintiff argues that the magistrate judge's report and recommendation demonstrates the magistrate judge's bias against him. Alleging that a judge is prejudiced against a party is a serious matter, and a person making such a claim ought to be able to back it up. The plaintiff has not done so here; his only gripe is that the magistrate judge has denied him a default judgment to which he is not entitled. "Under 28 U.S.C. §§ 144 and 455, a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *see also United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999). Prejudice or bias sufficient to justify recusal must be personal or extrajudicial. *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 164 (6th Cir. 1984). "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir. 1990) (internal quotation marks omitted). Bias finding its source in the judge's view of the law or the facts of the case itself is not sufficient to warrant disqualification. *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983). Therefore, disagreement with a judge's decision or ruling is not a basis for disqualification or upsetting judicial rulings. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). The plaintiff makes little effort to support his allegations of judicial bias with any facts, other than to disagree with the outcome of the procedural motions in this case. The Court will overrule the plaintiff's objection.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #71] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #74] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for default judgment [dkt. #65] is **DENIED**. The matter is returned to the magistrate judge to consider the suggestions to overcome the difficulty in the service of defendants Bivens and Kupke.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 24, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 24, 2013.

s/Shawntel Jackson
SHAWNTEL JACKSON